```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

UNITED STATES OF AMERICA

VS.                           CRIMINAL ACTION NO. 3:03CR30-HTW-LRA
                              CIVIL ACTION NO. 3:12CV368-HTW-LRA
LEVON EDMOND

<u>REPORT AND RECOMMENDATION OF</u>
<u>UNITED STATES MAGISTRATE JUDGE</u>

This cause is before the undersigned on the motion of defendant Levon Edmond for relief pursuant to 28 U.S.C. § 2255 and § 2241 [ECF Nos. 298 & 302]. Having considered the defendant's motions, together with the record, the undersigned recommends that Edmond's motion be dismissed as untimely.

On January 12, 2006, Edmond pled guilty to one count of conspiracy to kill a government witness and one count of conspiracy to commit mail fraud. On March 27, 2006, this court sentenced her to 25 years on count one and five years on count two, the sentences to be served concurrently.

Nearly six years later, on May 29, 2012, Edmond filed her motion to vacate her sentence. As grounds for relief, she contended that she was denied effective assistance of counsel and that her guilty plea was not knowing and voluntary.

Under § 2255, a one-year limitation period runs from the "date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1). Here, Edmond's conviction became final no

later than April 10, 2006.  See Fed. R. App. P. 4(b)(1)(A) (at that time providing for ten days to file a notice of appeal; excluding weekends providing for approximately 14 days).  Because Edmond's motion was due to be filed by April 10, 2007, and was not filed until May 2012, it is clearly untimely and subject to dismissal.

Although the one-year statute of limitations may be equitably tolled, it can only be tolled in rare and exceptional circumstances.  *Felder v. Johnson,* 204 F.3d 167, 170-71 (5th Cir. 2000).  Ordinarily, such tolling only applies when the petitioner is actively misled by the government or prevented from asserting his rights in some extraordinary way.  *Id.*  A petitioner must show that he had been pursuing his rights diligently and that some extraordinary circumstance stood in his way.  *Holland v. Florida,* 130 S.Ct. 2459, 2562 (2010).

Liberally construed, Edmond appears to claim that her mental incompetence is the basis for equitable tolling.  However, mental incompetence has rarely been applied to toll the statute.  *See Kennedy v. Epps,* 2010 WL 2926047, *1 (S.D. Miss. Jul. 21, 2010) (citing cases where the Fifth Circuit has declined to apply equitable tolling to a claim of mental incompetence).  Edmond does not state any supporting facts which could allow the statute to be tolled for five years.  She underwent psychiatric examinations prior to her conviction and was found to be competent to stand

trial and to understand the proceedings against her [See #50, 123, 220].

In the undersigned's opinion, Edmond has failed to set forth facts which would establish a basis for equitable tolling of the statute of limitations.  She has also failed to demonstrate that she has been diligently pursuing her rights for this six-year period after she plead guilty to these crimes.

Based on the foregoing, it is the recommendation of the United States Magistrate Judge that Edmond's motion for relief pursuant to § 2255 and § 2241 be denied as untimely.

The parties are hereby notified that the failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court.  28 U.S.C. § 636, FED. R. CIV. P. 72(b) (as amended, effective December 1, 2009).

Respectfully submitted, this the 27th day of November 27, 2013.

>/s/ Linda R. Anderson
> UNITED STATES MAGISTRATE JUDGE